UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
MICHAEL JOSEPH MARINELLI, et al.,

                     Plaintiffs,

        - against -

PENSKE TRUCK LEASING
CORPORATION, et al.,

                     Defendants.
--------------------------------------------------------X

**ORDER**

CV 07-1383 (NG) (JO)

**JAMES ORENSTEIN, Magistrate Judge:**

       Plaintiffs Michael Joseph Marinelli and Bernadette Marinelli ("the Marinellis") filed this

personal injury action against defendants Penske Truck Leasing Corporation ("Penske"), Lonnie

Dowdell, Jr. ("Dowdell"), and H&S Bakery and Freight Forwarders ("H&S") in the Supreme

Court of the State of New York, County of Richmond, on February 13, 2007.  *See* Docket Entry

("DE") 1 (including, among other documents, the defendants' Notice of Removal ("Notice") and

the Marinellis' Verified Complaint ("Complaint")).  On April 3, 2007, counsel for all of the

defendants filed a notice of removal pursuant to 28 U.S.C. § 1441(a) and § 1446, seeking to

remove the case to this court.  For the reasons set forth below, I find that the defendants have not

satisfied their burden of establishing that this court has original jurisdiction, and specifically that

they have failed sufficiently to demonstrate that the amount in controversy exceeds $75,000.  I

therefore order the action summarily remanded to the state court in which it was filed pursuant to

28 U.S.C. § 1446(c)(4).  *See generally Houser v. Torres*, 2007 WL 766356 (E.D.N.Y. Mar. 2,

2007); *DeMarco v. MGM Transport, Inc.*, 2006 WL 463504 (E.D.N.Y. Feb. 24, 2006).

Dockets.Justia.com

A.    <u>Removal Procedures Generally</u>

A defendant may remove from state court to federal court any civil action of which the federal court has original jurisdiction.  28 U.S.C. § 1441(a).  Upon such removal, the federal court in which the notice is filed must examine it "promptly."  28 U.S.C. § 1446(c)(4).  "If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand."  *Id.*

Where, as here, a defendant relies on 28 U.S.C. § 1332 as the source of the receiving court's purported original jurisdiction, it must establish that the requirements of the statute have been met.  Specifically, the defendants must demonstrate that the parties are citizens of diverse states and that the amount in controversy exceeds $75,000.  *See* 28 U.S.C. § 1332(a); *Blockbuster*, *Inc. v. Galeno*, 472 F.3d 53, 57 (2d Cir. 2006) ("It is well-settled that the party asserting federal jurisdiction bears the burden of establishing jurisdiction.") (citing *R.G. Barry Corp. v. Mushroom Makers*, *Inc.*,  612 F.2d 651, 655 (2d Cir. 1979)).  With respect to the amount-in-controversy element of diversity jurisdiction, the removing party must carry that burden by "proving that it appears to a 'reasonable probability' that the claim is in excess of [$75,000]."  *United Food & Commercial Workers Union v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 303-04 (2d Cir. 1994).  A federal court considering the propriety of the removal should generally evaluate the existence of the amount in controversy, like any jurisdictional fact, "on the basis of the pleadings, viewed at the time when the defendant files the notice of removal."  *Blockbuster*, *Inc.*, 472 F.3d at 57 (citing *Vera v. Saks & Co.*, 335 F.3d 109, 116 n.2 (2d Cir. 2003) (per curiam)); *see also Davenport v. Procter & Gamble*, 241 F.2d 511,

514 (2d Cir. 1957) (if complaint does not establish amount in controversy, "the court may look to the petition for removal").

      B.    <u>The Effects Of New York's Procedural Law On Removal To Federal Court</u>

      The Marinellis' complaint does not specify the amount of damages sought, and for good reason. New York law now forbids the inclusion of such an *ad damnum* clause in a personal injury case like this one. *See* N.Y. C.P.L.R. § 3017(c). As a result, other than a perfunctory statement of the source of injury – specifically, that the vehicle operated by Michael Joseph Marinelli was "struck with great force by the vehicle ... driven by [Dowdell], ... owned by [Penske], and leased by [H&S]," Complaint ¶ 23 – the Complaint employs boilerplate language to assert the extent of the Marinellis' injuries and that the damages exceed the relevant jurisdictional limits of lower state courts. *Id.* ¶¶ 25-28.

      In describing the Marinellis' injuries, the Complaint's most specific allegations are that Michael Joseph Marinelli "sustain[ed] serious personal injuries ... causing him great pain and discomfort, requiring him to seek hospital care and medical attention," *id.* ¶ 25, and that his wife Bernadette Marinelli has been "deprived of her husband's services, society and consortium." *Id.* ¶ 45. Although I can infer from these allegations that the Marinellis may seek a substantial recovery if the defendants' liability is established, I cannot conclude from the boilerplate language that the amount in controversy necessarily exceeds $75,000. The complaint alone therefore provides insufficient information to "intelligently ascertain removability." *See DeMarco*, 2006 WL 463504, at *1 (citing *Setlock v. Renwick*, 2004 WL 1574663 (W.D.N.Y. May 21, 2004)).

The Notice provides no additional detail about the specific damages sought; it merely makes the conclusory assertion that "upon information and belief, plaintiffs seek damages in excess of $75,000, exclusive of interests and costs."  Notice ¶ 12.  This conclusion is presumably based on the Complaint's allegations that Mr. Marinelli "sustained severe and permanent personal injuries" and that some of his injuries are "permanent and disabling."  Complaint ¶ 25.  Even assuming these assertions to be true, however, neither the Notice nor the Complaint provides any indication that the amount actually in controversy – that is, the amount that the Marinellis seek as a result of their injuries – exceeds $75,000.

Accordingly, I conclude that the pleadings now before the court do not satisfy the defendants' burden to establish the existence of federal jurisdiction.  *See DeMarco*, 2006 WL 463504, at *2 (citing *United Food & Commercial Workers Union*, 30 F.3d at 304-05).

The defendants are not without recourse.  The same state law provision that prohibited the Marinellis from including any allegations in their complaint that might support a sufficient notice of removal also provides a procedural mechanism by which the defendants can ascertain the existence of facts necessary to invoke federal diversity jurisdiction:

> A party against whom an action to recover damages is brought, may at any time request a supplemental demand setting forth the total damages to which the pleader deems himself entitled.  A supplemental demand shall be provided by the party bringing the action within fifteen days of the request.

N.Y. C.P.L.R. § 3017(c); *see DeMarco*, 2006 WL 463504, at *2 (citing *Setlock*, 2004 WL 1574663, at *2).

Nor are the defendants prejudiced by the necessity of making such a "supplemental demand" with respect to the timing of a removal notice.  A defendant must normally file a notice

of removal within 30 days of receiving the "initial pleading." 28 U.S.C. § 1446(b). The same

subsection provides, however, that "[i]f the case as stated by the initial pleadings is not

removable," which is true here and presumably in all personal injury actions filed consistent with

the current version of C.P.L.R. § 3017(c), the 30-day period for seeking removal only begins

when the defendants receive "an amended pleading, motion, order or other paper from which it

may first be ascertained that the case is one which is or has become removable." *Id.*; *see*

*DeMarco*, 2006 WL 463504, at *2 (citing *Setlock*, 2004 WL 1574663, at *2). Where the

response to a supplemental demand under C.P.L.R. § 3017(c) asserts damages in excess of

$75,000, that response is a "paper" that allows the defendants to seek removal within 30 days.

*See DeMarco*, 2006 WL 463504, at *2 (citing *Schultz v. Office Depot, Inc.*, 2004 WL 1598829

(W.D.N.Y. July 16, 2004); *Gonzalez v. Rajkumar*, 2005 WL 1593008, at *3 (S.D.N.Y. July 6,

2005)).

  C.  <u>Remand And Review Procedures</u>

   The plain language of 28 U.S.C. § 1446(c)(4) requires summary remand under the facts

of this case. That result is not only a statutory command, however; it also makes sense.

Requiring the defendants to seek supplemental information under state law before attempting to

remove the case places no meaningful burden on them that they will not in any event bear. At

some point in this litigation, whether they proceed in this court or another, and whether the case

settles or proceeds to a judicial disposition, the defendants will need to find out the extent of the

damages that the Marinellis claim to have sustained. I decide no more than that the defendants

must seek out that information before coming to this court, not after. If the defendants learn that

the Marinellis seek damages in excess of $75,000, they may seek to reopen the case in this court

and the Marinellis will have to bear the burdens associated with the removal.  On the other hand, if it turns out that the Marinellis do not claim more than $75,000 in damages, then the case will properly remain in state court – and this court will not be burdened with overseeing discovery of a dispute that is not properly before it.  *DeMarco*, 2006 WL 463504, at *2.

Finally, assuming that this case must be summarily remanded, there remains the question of whether I can enter such an order consistent with the limitations of a magistrate judge's authority under 28 U.S.C. § 636, or may instead do no more than recommend that the assigned district judge take such action.  For reasons I have explained elsewhere, I conclude that I do have the requisite authority to enter an order of remand.  *See Meier v. Premier Wine & Spirits, Inc*., 371 F. Supp.2d 239, 241-44 (E.D.N.Y. 2005).

Such an order normally "is not reviewable on appeal or otherwise."  28 U.S.C. § 1447(d). However, for the reasons explained below, I will stay the order of remand for a sufficient time to allow the defendants to lodge any objections it may have to this decision with the district judge assigned to this case.  As explained in *Meier*, my authority as a magistrate judge to enter an order remanding the case to state court derives from 28 U.S.C. § 636(b)(1)(A).  The same statutory provision that empowers me to enter such an order, however, also allows a district judge to "reconsider any pretrial matter under this subparagraph ... where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a).  Courts in other jurisdictions have held that the more specific law pertinent to pretrial orders by magistrate judges controls.  As a result, notwithstanding the removal statute's general proscription of appellate or other "review," a district judge may "reconsider" a magistrate judge's remand order if the latter is clearly erroneous or contrary to law.

6

*See, e.g.*, *Robinson v. Cheetah Transp.*, 2006 WL 1453036 (W.D. La. May 17, 2006) (citing cases).

The defendants will be denied the opportunity to seek such reconsideration if the remand I now order takes immediate effect.  I therefore stay the order of remand *sua sponte* for a period of time sufficient for the defendants to file any objections they may have.  Under the pertinent rules, a stay until April 23, 2007, will accomplish that purpose.  *See* Fed. R. Civ. P. 72; Fed. R. Civ. P. 6.  Should the defendants actually pursue such relief, they may of course apply to me or to the assigned district judge for a further stay pending resolution of its objections.[1]

D.    Conclusion

For the reasons set forth above, I respectfully direct the Clerk to enter an order remanding this case to the Supreme Court of the State of New York, Richmond County.  In order to afford the defendants sufficient time to file a motion for reconsideration of this order by the assigned district judge, I stay this order until April 23, 2007.


**SO ORDERED.**

Dated: Brooklyn, New York
       April 5, 2007

                                          /s/ James Orenstein
                                          JAMES ORENSTEIN
                                          U.S. Magistrate Judge

---

[1]  In addition, if the defendants can establish the amount in controversy before the stay elapses, either by virtue of information provided by the Marinellis or by other means, I will of course entertain an application for reconsideration and, if persuaded that there exists federal diversity jurisdiction, vacate this order.

7